IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,439-01






EX PARTE TERRON PENEVRICK MITCHELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F1018049-A IN THE 145TH DISTRICT COURT


FROM NACOGDOCHES COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and tampering with physical evidence and sentenced to 5 years' and 35 years'
imprisonment, respectively. The Sixth Court of Appeals affirmed the conviction in Mitchell v. State,
06-11-00015-CR (Tex. App. -Texarkana, November 22, 2011). 

 Applicant contends that appellate counsel rendered ineffective assistance because counsel
failed to file a motion and affidavit for a free trial transcript after counsel was informed of
Applicant's inability to pay. 

 Applicant has alleged facts that, if true, might entitle to relief. Strickland v. Washington, 466
U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether, at the time of counsel's motion to
withdraw, Applicant was indigent for purposes of obtaining a free record in that he was unable to
pay or give security for the appellate record. Tex. R. App. P. art. 20.2. The trial court shall make
findings of fact and conclusions of law as to whether the performance of Applicant's appellate
counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: December 18, 2013

Do not publish